IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **BYRON LANCE TYRONE,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:09-CV-392-A |
| **DEE ANDERSON, Sheriff,** § | |
| **Tarrant County, Texas,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Byron Lance Tyrone, TDCJ-CID #1578034, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Dallas, Texas.

Respondent Dee Anderson is the Sherif of Tarrant County, Texas.

C. FACTUAL AND PROCEDURAL HISTORY

Tyrone is serving a 9-month sentence in a state jail facility on his June 22, 2009, conviction for theft in Tarrant County, Texas. (Petition at 2) Tyrone did not directly appeal his conviction or sentence or seek postconviction habeas relief. Tyrone filed this petition for writ of habeas corpus

y

on June 30, 2009.

### D. ISSUES

Tyrone raises four grounds for relief. (Petition at 7-8)

### E. RULE 5 STATEMENT

Anderson has filed a motion to substitute parties or in the alternative to dismiss Tyrone's petition without prejudice on exhaustion grounds.

### F. EXHAUSTION OF STATE COURT REMEDIES

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008); *Anderson v. Johnson*,

338 F.3d 382, 388 n.22 (5th Cir. 2003).

The record supports Anderson's assertion that Tyrone has not exhausted his state court remedies in a procedurally correct manner with respect to the claims presented. *See O'Sullivan*, 526 U.S. at 842-88; *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432; *Carter*, 677 F.2d at 443. Tyrone did not directly appeal his conviction and sentence nor has he sought state postconviction writ of habeas corpus relief. (Petition at 3) Because the Texas Court of Criminal Appeals has not been afforded a fair opportunity to consider the merits of Tyrone's claims, the claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001).

Accordingly, Tyrone must first pursue his available state remedies before seeking relief under § 2254. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Tyrone, he cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Tyrone can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II.  RECOMMENDATION

Anderson's motion should be granted to the extent Tyrone's petition for writ of habeas corpus is dismissed without prejudice, except as to any application of the federal statute of limitations[1] or other federal procedural bar that may apply.

---

[1] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-death penalty habeas corpus petitions in federal court, subject to applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

3

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 10, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 10, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 20, 2009.

                                                  /s/   Charles Bleil
                                                  CHARLES BLEIL
                                                  UNITED STATES MAGISTRATE JUDGE