U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 11 2009

CLERK, U.S. DISTRICT COURT
By _____
   Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BYRON LANCE TYRONE, §
  §
           Applicant, §
  §
VS. § NO. 4:09-CV-392-A
  §
RICK THALER,[1] §
Director, Texas Department of §
Criminal Justice, §
Correctional Institutions §
Division, §
  §
           Respondent. §

O R D E R

Came on for consideration the above-captioned action wherein BYRON LANCE TYRONE ("Tyrone") is applicant[2] and Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On August 20, 2009, the United States Magistrate Judge issued his proposed findings, conclusions and recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by September 10, 2009. Applicant timely filed his written objections, and respondent has not made any further response. In

---

[1]The court has been informed that Rick Thaler has succeeded Nathaniel Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Therefore, Rick Thaler is automatically substituted for Nathaniel Quarterman as a party. See Fed. R. Civ. P. 25(d)(1).

[2]The title of the document filed by Tyrone was "Petition for Writ of Habeas Corpus by a Person in State Custody," and Tyrone referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed, as an "application" and is referring to Tyrone as "applicant."

accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a *de novo* determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

In his FC&R, the Magistrate Judge recommended that Tyrone's application be dismissed after finding that Tyrone has not yet exhausted his state court remedies. Tyrone does not specifically object to the Magistrate Judge's finding that he has failed to exhaust his state remedies, but rather recites a list of legal standards related to substantive and procedural due process and alleges that the police violated his civil rights in charging him with his conviction offense. Because these objections are not specific to the Magistrate Judge's findings, the court need not address them. See id.

Therefore,

The court adopts the Magistrate Judge's proposed findings and conclusions, accepts the Magistrate Judge's recommendation, and ORDERS that the application in this action be, and is hereby, dismissed without prejudice.

SIGNED September 11, 2009.

JOHN McBRYDE
United States District Judge

2